UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

LR Trust,

      Plaintiff,                            Case No. 2:14–cv–612

          v.                            Judge Michael H. Watson

Nicholas Dipaolo, *et al.*,

      Defendants.

## PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

The parties have entered into a proposed Settlement Agreement, which, if approved, would resolve this putative class action and shareholder derivative action brought on behalf of public shareholders of R.G. Barry Corporation ("the Company") and derivatively on behalf of nominal defendant R.G. Barry against members of the Company's Board of Directors.[1]

Plaintiff moves, unopposed, for preliminary approval of the Settlement Agreement. ECF No. 18. The Court has reviewed Plaintiff's motion and Settlement Agreement. For good cause shown and after careful consideration, the Court finds a sufficient basis for: (1) preliminary approval of the class action Settlement Agreement; (2) conditionally certifying a class for settlement purposes

---

[1] The Settlement Agreement also resolves the claims brought by Neil Scarfuto on behalf of himself and a putative class of R.G. Barry shareholders, as further described in *Scarfuto v. R.G. Barry Corp.*, Case No. 14–cv–344 (Fairfield Cnty. Ct. Comm. Pl.).

only; (3) appointing Plaintiffs LR Trust and Neil Scarfuto as class representatives and their attorneys as class counsel; (4) directing notice to be disseminated to the settlement class in the form and method provided in the Settlement Agreement; and (5) scheduling a fairness hearing after which time the Court will decide whether to grant final approval of the settlement.

The Court grants Plaintiff's Motion for Preliminary Approval and makes the following findings and orders:

1.      LR Trust and Neil Scarfuto are hereby appointed as class representatives ("named Plaintiffs").

2.      WeissLaw LLP and Milberg LLP are hereby appointed as class counsel ("Settlement Counsel"). The Law Office of John C. Camillus LLC is Liaison Counsel to the Settlement Class.

3.      For settlement purposes only, the class meets the requirements of Federal Rules of Civil Procedure 23. The class is so numerous that joinder of all class members would be impracticable. Prosecuting separate actions by or against individual class members would create a risk of inconsistent or varying adjudications, and members of the Company's Board of Directors have acted on grounds that apply generally to the class such that final relief is appropriate respecting the class as a whole. The claims of the named Plaintiffs are both typical and identical to those of the class. The named Plaintiffs and their

Settlement Counsel will adequately and fairly protect the interests of the class, as the named Plaintiffs have no interest antagonistic to the class and have retained experienced and competent counsel to prosecute this matter on behalf of the class. A class settlement is also superior to other methods available for a fair and efficient resolution of this controversy.

4.    The following non-opt-out class meets the requirements of Federal Rules of Civil Procedure 23(b)(1) and (2) and is hereby conditionally certified for settlement purposes only:

> [A]ll record and beneficial owners of R.G. Barry common shares during the period beginning on May 2, 2014 (the announcement date of the Merger Agreement), through September 3, 2014 (the date of the consummation of the Merger) ("Class Period"), including any and all of their respective successors in interest, predecessors, representatives, trustees, executors, administrators, heirs, assigns, or transferees, immediate and remote, and any person or entity acting for or on behalf of, claiming under, any of them, and each of them. Excluded from the Settlement Class are R.G. Barry Defendants, members of the immediate family of any R.G. Barry Defendant, any entity in which an R.G. Barry Defendant has or had a controlling interest, and the legal representatives, heirs, successors, or assigns of any such excluded person.

5.    The Settlement Agreement is hereby preliminarily approved for the purpose of giving notice to class members of the Settlement Agreement. The Settlement Agreement is within the range of possible approval and appears sufficiently fair and reasonable to warrant providing notice to the Class. The Settlement Agreement contains no obvious deficiencies and the parties have

entered into the Settlement Agreement in good faith, following arm's length negotiations.

6.      There are substantial risks, expense, and delay likely in the event that this matter is not settled.  For example, Plaintiffs face standing issues with respect to their direct claims for breach of fiduciary duty and a high hurdle in overcoming the presumption of the business judgment rule.  *See* Memo. 22–25, ECF No. 18-1 (identifying additional obstacles Plaintiffs face in establishing their claims).

7.      The Class is represented by experienced counsel who have competently evaluated the strength of their proofs and are well-situated to evaluate the strengths of Plaintiffs' claims and Defendants' defenses.

8.      There was extensive discovery and investigation against R.G. Barry by Plaintiffs regarding Plaintiffs' claims.

9.      The Settlement appears on its face to be fair to the unnamed class members, and they receive relief commensurate with that obtained against Defendants by named Plaintiffs.

10.     The settlement proposed obtains substantial relief for class members.

11.     A hearing in this Court shall be held on **Tuesday, August 9, 2016 at 10:00 a.m.** (the "Hearing") before the Undersigned in Courtroom 3 at the Joseph

P. Kinneary United States Courthouse, located at 85 Marconi Boulevard, Columbus, Ohio 43215. At the hearing, the Court will: (i) consider final certification of the class for settlement only, (ii) hear evidence and argument concerning whether the proposed Settlement Agreement is fair, reasonable, and adequate and should be approved by the Court, (iii) hear evidence and argument concerning whether an Order and Final Judgment should be entered, the proposed form of which shall be submitted to the Court by the parties **no later than fourteen days prior to the Hearing,** (iv) consider any request for an award of attorney fees and costs, and (v) consider such other matters as the Court may deem appropriate.

12. The Court reserves the right, subject to the terms of the Settlement Agreement, to approve the Settlement Agreement with or without written modification (subject to the parties' written approval of any modification) and with or without further notice to the Class.

13. Within twenty-one days after the date of entry of this Order, Settlement Counsel shall cause a notice of the Hearing in substantially the form annexed as Exhibit C to the Settlement Agreement (the "Notice") to be mailed to all stockholders of record that are members of the class at their last known address appearing in the stock transfer records maintained by or on behalf of R.G. Barry. All stockholders of record in the Settlement Class who were not also

the beneficial owners of the shares of R.G. Barry common stock held by them of record shall be requested to forward the Notice to such beneficial owners of those shares. Settlement Counsel shall use reasonable efforts to give notice to such beneficial owners by making additional copies of the Notice available to any record holder who, prior to the Hearing, requests additional copies of the Notice for distribution to beneficial owners. The Notice shall be sent via United States mail, first class, postage pre-paid.

14. The Court finds this method of notice is the best notice practicable and constitutes due and sufficient notice to all persons entitled to receive notice of the matters set forth in the Notice. Plaintiffs shall, at or before the Hearing, file proof of mailing of the Notice.

15. Any class member may appear personally or by counsel at the Hearing and may object or express his or her view regarding the Settlement Agreement and/or Settlement Counsel's motion for attorneys' fees. However, a Class Member will not be heard, nor be entitled to contest the approval by this Court of the Settlement Agreement or the Fee Motion, unless he or she files with the Clerk of this Court, **no later than fourteen days before the Hearing**, written objections, together with any notice of intention to appear and any papers he or she proposes to submit to this Court at the Hearing, and on or before that date serves all such objections and other papers upon the following counsel:

(a) John C. Camillus, Law Office of John C. Camillus, LLC, P.O. Box 141410, Columbus, OH 43214

(b) Richard A. Acocelli, WeissLaw LLP, 1500 Broadway, 16th Floor, New York, NY 10036

(c) Anthony J. O'Malley, Vorys, Sater, Seymour and Pease LLP, 200 Public Square, 14th Floor, Cleveland, OH 44114

(d) Kent A. Bronson, Milberg LLP, One Penn Plaza, New York, NY 10119

16.    Any class member who does not file and serve his or her objections in this manner will be deemed to have waived his or her objections and will be forever precluded from making any objections to the fairness or adequacy of the proposed Settlement Agreement or to Settlement Counsel's motion for attorneys' fees.

17.    The parties may submit briefs in response to any objection(s) and in support of final approval of the settlement **no later than seven days prior to the date of the hearing.**

18.    Defendants shall file proof of compliance with the notice requirements of the Class Action Fairness Act of 2005 (28 U.S.C. § 1715(b)) **no later than twenty-one days** after entry of this Order.

19.    Settlement Class Counsel shall file their motions for attorneys' fees and expenses **no later than fourteen days prior to the date of the hearing**.

20.     The Court reserves the right to adjourn and postpone the Hearing without further notice other than oral announcement at the Hearing.

**IT IS SO ORDERED.**

**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**

Case No. 2:14–cv–612                                                          Page 8 of 8